NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0115n.06

Case No. 22-5374

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 07, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| LYNNEA SANDEEN, | ) | |
| Plaintiff-Appellant, | ) ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| UNUM GROUP CORPORATION, et al., | ) | TENNESSEE |
|  | ) | |
| Defendants-Appellees. | ) | OPINION |
|  | ) | |

Before: BATCHELDER, GRIFFIN, and READLER, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal from an action for long-term disability benefits, Lynnea Sandeen claims the district court erred in granting judgment for defendants Unum Group and Paul Revere Life Insurance Co. (collectively "Unum") by refusing to attribute sufficient (or any) weight to Unum's conflict of interest. We affirm.

**I.**

Sandeen was the "Finance & Insurance Manager" for Buerkle Motor Company. Unum administered Buerkle's long-term-disability plan. In June 2015, Sandeen filed for long-term disability due to irritable bowel syndrome and fibromyalgia. As Unum collected Sandeen's medical records from her treating physicians during the review process, her ailments on record expanded to include carpal tunnel and memory loss. Unum provided benefits for over two years, until November 2017, when it determined that Sandeen's medical conditions did not prevent her from performing her occupation, i.e., did not render her totally disabled. Sandeen sued and both sides moved for judgment on the administrative record. *Sandeen v. Paul Revere Life Ins. Co.*, No. 1:18-cv-248, 2022 WL 966848 (E.D. Tenn. Mar. 30, 2022).

The district court "thoroughly reviewed the entire administrative record," which, due to an unusually large number of treating and reviewing healthcare providers, medical records, and administrative reviews, was over 1,700 pages. *Id*. at *1. In its decision, the court summarized Sandeen's treating physicians' "general health opinions, . . . [her] specialists' opinions [regarding] each ailment, [and] any specific information from [the treating physicians] regarding each ailment," *id*. at *3-7; the results of a Functional Capacity Examination (FCE) conducted in May 2016, *id*. at *7-8; and both the report and actual video of the surreptitious surveillance of Sandeen conducted in January 2017, *id*. at *11. The court prepared a 26-item timeline of Unum's claims-review process, *id*. at *8-9; and summarized the opinions of Unum's four reviewing doctors, all of whom found that the medical evidence did not support her claim of total disability, *id*. at *9-10. Finally, the court acknowledged Sandeen's proffer of two depositions of Unum managers and examples of Unum's Weekly Tracking Reports as evidence that Unum had a financially based bias or conflict of interest that contributed to its decision to deny her benefits. *Id.* at *11-12. In a word, the district court was thorough in both its review and analysis, and its opinion reflects that.

In denying Sandeen's claim that Unum's decision was arbitrary and capricious, the court found that "the quantity and quality of the evidence used by [Unum] in its decision making [wa]s robust, and the administrative process itself was thorough and reasonable." *Id*. at *12. The court explained that Unum had a reasonable basis for classifying Sandeen's job as "sedentary," including the job description, a phone conversation with Sandeen, and an eDOT occupation classification. *Id*. at *12-13. Next, the court said Unum's reliance on file-reviewing doctors—rather than on treating physicians or an independent medical exam—was acceptable both as a matter of law and under the facts of this case, explaining that the file-reviewing doctors "gave thorough explanations" for their decision and that "many" or "most" of Sandeen's medical providers had

similarly concluded that Sandeen could perform her occupation. *Id.* at *15-16. The court

considered each of Sandeen's claims that Unum had mischaracterized evidence (i.e., a form from

Twin Cities PC, the FCE results, and the surveillance summary report) and found that none was

necessarily misleading, or sufficiently misleading to undermine the Unum's decision. *Id.* at *16-

17. And the court rejected Sandeen's contention that Unum granted her claim and then reversed

that grant without basis, explaining that Unum's removal of its reservation of rights as to her prior

receipt of payments was accompanied by a clear statement that Unum was "continuing to evaluate

[her] claim," which—based on the language of the letter—was *not* a grant of her claim. *Id.* at *17.

But Sandeen's claim in this appeal concerns the court's assessment of Unum's conflict of

interest. As mentioned already, Sandeen produced evidence that, due to claims-tracking reports,

certain of Unum's employees had a financially based conflict of interest or bias towards the denial

of benefits. The court acknowledged the conflict and explained that such a "conflict must be

weighed as a factor in determining whether there is an abuse of discretion." *Id.* at *14 (quoting

*Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (internal quotation marks omitted)). The

court further explained that the conflict is a factor of varying importance, depending on the case-

specific circumstances, but that "[t]he ultimate concern . . . is to evaluate whether there is bias."

*Id.*; *see Glenn*, 554 U.S. at 118 (approving of a court's decision to "instead focus[] more heavily

on other factors" upon finding that, in context, the conflict alone was not determinative).

The district court found that the conflict-of-interest factor was "not outcome determinative"

when weighed against several other factors established in the record, namely that:

> [Unum's] employees were extremely thorough. Most of the employees that evaluated the claim did not know about the tracking reports. These employees requested documents from [Sandeen]'s doctors repeatedly, and Director Jackson, who had access to the reports, made decisions beneficial to [Sandeen]. The claim took years to process, all while paying benefits under a reservation of rights.

> The discovery information showed that there is a conflict of interest in the decision-making process of [Unum]. Nothing in this case indicates that this conflict of interest *heavily influenced* the decision to deny [Sandeen's] claim. While . . . the conflict of interest is a factor to be considered while reviewing [Unum's] decision, the conflict of interest, in all likelihood, did not affect this decision.

*Sandeen*, 2022 WL 966848, at *14-15 (emphasis added). Ultimately, the court concluded:

> [Unum's] claim decision was reasonable and supported by the record. Even considering the conflict-of-interest, [Sandeen] has failed to show that [Unum's] decision was arbitrary and capricious. Based on the record, [Unum's] administrative process on this claim was thorough, lasted years, and was often repetitive. [Unum] made a reasonable decision based on the quantity and quality of evidence in the record when denying [Sandeen]'s claim.

*Id.* at *17. The court granted judgment for Unum and Sandeen appealed.

## II.

We review de novo a district court's ruling on the plan administrator's decision. *Autran v. Procter & Gamble Health & Long-Term Disability Benefit Plan*, 27 F.4th 405, 411 (6th Cir. 2022). When the plan grants discretion to the administrator, as it does here, we must uphold the administrator's decision unless it was arbitrary and capricious; i.e., we uphold the "decision as long as it [wa]s the result of a deliberate, principled reasoning process and supported by substantial evidence." *Id.* (quotation marks, editorial marks, and citation omitted). Our review of the district court's findings of fact is unsettled, however, because conflicting Circuit precedent dictates both de novo and clear error review. *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 889-90 (6th Cir. 2020). But even under de novo review, more favorable to Sandeen, she cannot prevail.

Sandeen argues that the district court applied the wrong standard in weighing the conflict-of-interest factor by requiring that the conflict must have "heavily influenced" the decision to deny her claim. Simply put, Sandeen misreads or misrepresents the court's opinion.

To be sure, one of the factors is whether the administrator had a conflict of interest that affected its decision. But "[n]one of the potentially relevant factors is dispositive in its own right;

4

we must weigh them all when deciding whether the administrator's ultimate conclusion resulted from a rational process." *Autran*, 27 F.4th at 412 (citing *Glenn*, 554 U.S. at 117-18). Because the district court rejected all of Sandeen's other arguments about why the decision was arbitrary and capricious (i.e., that Unum misclassified her job as sedentary, improperly relied on file-reviewing doctors, mischaracterized evidence, and granted but reversed her claim without basis), she was left with only the conflict/bias argument. On the other side of the balance, the court found that (1) Unum paid benefits under a reservation of rights for 29 months while processing the claim, (2) the assessment was extremely thorough, and (3) employees were dogged in requesting documents from her doctors. Moreover, (4) most of the employees involved with her claim did not know about the tracking reports and (5) the Director who did know made decisions that were beneficial to her. The court concluded that the conflict/bias factor alone did not outweigh all of those other factors as "[n]othing in this case indicates that this conflict of interest *heavily influenced* the decision to deny her claim." *Sandeen*, 2022 WL 966848 at *15 (emphasis added). Contrary to Sandeen's argument here, the court did not create or impose a "heavily influenced" standard; rather, it properly weighed the conflict/bias argument as one factor—as precedent requires—and concluded that conflict/bias alone was not *heavy* enough to tip the balance in Sandeen's favor.

For good measure, Sandeen also argues that the district court erred by rejecting her contentions that Unum misclassified her job as sedentary, improperly relied on file reviewing doctors, mischaracterized evidence, and granted but reversed her claim without basis. Because the district court thoroughly and correctly assessed each of these contentions, particularly in light of the deference granted to the administrator, we find that these arguments lack merit. Perhaps more importantly, even were we to grant Sandeen's contentions some weight, they cannot overcome the

totality of the record, which shows that the decision was "the result of a deliberate, principled reasoning process and . . . supported by substantial evidence." *See Autran*, 27 F.4th at 411 (citation omitted).

## III.

For the forgoing reasons, we AFFIRM the judgment of the district court. Unum's motion to strike a portion of Sandeen's reply brief and to permit a sur-reply brief is denied as moot.